IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| Joel T. Sorenson, | ) |
| Plaintiff, | ) Case No. 1:22-cv-93 |
| v. | ) COMPLAINT AND JURY DEMAND |
| United States of America, | ) |
| Defendant. | ) |

Plaintiff, Joel T. Sorenson ("Mr. Sorenson") for his Complaint states and alleges as follows:

## NATURE OF THE ACTION

1. This action seeks a tax refund under Section 7422 of the Internal Revenue Code ("IRC") (26 U.S.C. § 7422) for the recovery of federal income tax erroneously or illegally assessed and collected by Defendant, together with interest assessed on this amount and collected from Plaintiff, plus overpayment interest on the amount to be refunded, or such greater amount as is legally refundable.

## PARTIES

2. Joel T. Sorenson is an individual residing in Linn County, Iowa.

3. Defendant is the United States of America.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under Sections 1346(a)(1) and 1491(a)(l) of Title 28 of the United States Code, and by sections 6532 and 7422 of the IRC, 26 U.S.C. §§ 6532 and 7422.

5. Mr. Sorenson has exhausted relevant administrative remedies by filing an administrative claim for refund which was denied under the applicable regulations. *See* <u>Exhibit 1</u>; *see also* Internal Revenue Manual 34.1.2(1).

6. Venue is appropriate in the Northern District of Iowa under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## BACKGROUND

7. For tax year 2015, Joel T. Sorenson ("Mr. Sorenson") filed his taxes and calculated that he owed $387.00.

8. The Internal Revenue Service ("IRS") subsequently calculated that Mr. Sorenson owed an additional $16,498.00 for tax year 2015, plus $8,837.95 in penalties and interest, for a total balance of $25,335.95 for tax year 2015.

9. On or about February 13, 2020, the IRS levied Mr. Sorenson's PayPal account and seized $24,658.53 in satisfaction of unpaid taxes, penalties and interest for tax year 2015.

10. The IRS subsequently contacted Mr. Sorenson's accountant and Taxpayer Representative, Ronald R. Carson ("Mr. Carson"), and advised that Mr. Sorenson still had an outstanding balance of $1,064.42 for tax year 2015.

11. On March 3, 2020, Mr. Sorenson paid the alleged outstanding balance of $1,064.42 for tax year 2015 in full. This payment was sent to the IRS, with attention to Mary Jo Ratchford, the Revenue Officer assigned to Mr. Sorenson's case.

12. In the letter to the IRS transmitting this payment, Mr. Carson noted the following: "As we previously discussed, the purpose of this check is to clear-up the outstanding balance with

respect to Joel's 2015 tax year. Joel understands that we have two years form the date hereof to file an amended return for 2015 seeking a refund for any amounts owed back to him."

13. On or about June 10, 2020, Mr. Sorenson completed and filed an amended return—Form 1040X—for tax year 2015.

14. This amended return calculated that Mr. Sorenson's total tax for tax year 2015 was $136.00.

15. This amended return revealed that Mr. Sorenson had overpaid for tax year 2015 by at least $25,586.95 and was owed a refund of the same.

16. On June 10, 2020, Mr. Carson transmitted this amended return directly to Revenue Officer Ratchford.

17. The IRS noted that it received Mr. Sorenson's claim for refund on July 1, 2020.

18. On August 20, 2020, the IRS disallowed Mr. Sorenson's claim for refund.

19. The letter from the IRS denying Mr. Sorenson's claim for refund is attached hereto as Exhibit 1.

20. In its August 20, 2020, denial, the IRS did not contest the merits of Mr. Sorenson's claim, but merely ruled that the claim could not be allowed because "The last day to file a timely claim or return for tax year 2015 was Apr. 15, 2019." *See* Exhibit 1, page 1.

21. However, later in the same denial letter, the IRS noted the following:

> "Generally, a claim is late if you filed it after **the later of**:
> 3 years from the due date of a timely-filed return without an extension
> 3 years from the date we received a late return or a timely filed return with an approved extension
> 2 years after you paid the tax"

*See* Exhibit 1, page 1.

22. Internal Revenue Service publication, Topic No. 308, Amended Returns, specifically notes that to claim a refund, a taxpayer must file an amended tax return within three (3) years after the date in which the taxpayer filed the original return, or within two (2) years after the date the tax is paid, whichever is later.

23. The dates that Mr. Sorenson "paid the tax" in question were February 13, 2020—the date $24,658.53 was seized—and March 3, 2020—the date he voluntarily paid an additional $1064.62.

24. That is why Mr. Carson noted the following in his March 3, 2020 correspondence with the IRS: "Joel understands that we have two years form the date hereof to file an amended return for 2015 seeking a refund for any amounts owed back to him."

25. Thus, Mr. Sorenson timely claimed his refund by filing his Amended Form 1040 U.S. Individual Income Tax Return for 2015 on or about June 10, 2020.

26. The IRS took the position that, in essence, Mr. Sorenson could not timely contest his February 13 and March 3, 2020 payments for tax year 2015, because "the last day to file a timely claim or return for tax year 2015 was Apr. 15, 2019." *See* <u>Exhibit 1, page 1.</u>

27. On or about August 28, 2020, the IRS sent Mr. Sorenson a refund of $40.95 for tax year 2015.

28. On January 20, 2021, Mr. Carson again contacted the IRS on behalf of Mr. Sorenson and again requested remittance of a refund of $25,586.95, pursuant to the amended return for tax year 2015.

29. In this January 20, 2021 correspondence, Mr. Carson also returned the $40.95 refund check to the IRS.

30. On September 10, 2021, Mr. Carson emailed Revenue Officer Ratchford the following:

> I apologize for asking you about Joel but I don't know where else to turn. I called the IRS a couple of months ago to inquire about the 2015 amended return we filed for Joel to claim refund for tax, penalties and interest that were erroneously assessed for the 2015 tax year. I believe it totals $25,586.95 – I have attached my calculation. I talked to an IRS rep, a Mr. Burrell ID: ▮▮▮▮▮▮▮▮, He told me that the matter is under review. I asked him for a timeline and he could not give me one. I asked him if their review went beyond February 13, 2022, which is two years from the date they seized the amount they had arbitrarily assessed; i.e. the date the tax was paid, if they would then deny the refund because it would be more that two years after the tax was paid. He could not answer that question.
>
> It seems to me there should be a way to get a quicker resolution. If not, then I am going to recommend to Joel that he engage a lawyer to bring an action against the IRS for the refund and any legal fees Incurred. It Just does not seem to me like he should have to do that but $25,000 is a lot of money to simply walk away from. Is there a way to get this matter expedited. I cannot find anything authoritative that states If the IRS is reviewing an issue that tolls the statute of limitations.
>
> I realize that your hands may be tied so that are not able to assist and, again, I apologize for bothering you with this.
>
> Thanks,
> Ronald R. Carson, CPA

31. The IRS has not refunded Mr. Sorenson for tax year 2015.

32. The August 20, 2020 denial of refund that was issued to Mr. Sorenson by the IRS noted the following: "If you don't agree with our decision, you can file suit with the United States District Court that has jurisdiction or with the United States Court of Federal Claims . . . If you paid the entire amount of the Internal Revenue Code Section 6694 penalty that was assessed, the law gives you 2 years from the date of this letter to file suit with the United States District Court that has jurisdiction or the United States Court of Federal Claims."

33. Mr. Sorenson paid the entire amount of the Internal Revenue Code Section 6694 penalty that was assessed for tax year 2015.

34. Mr. Sorenson and his accountant have attempted to work collaboratively with the Internal Revenue Service to avoid litigation in the preceding two years, to no avail.

## COUNT I: CLAIM OF REFUND

35. Mr. Sorenson hereby incorporates the allegations of Paragraphs 1 – 34 above as if fully set forth herein.

36. Mr. Sorenson's total tax for tax year 2015 was $136.00.

37. Mr. Sorenson has overpaid at least $25,586.95 for tax year 2015.

38. The relevant tax was paid by Mr. Sorenson on February 13, 2020 and March 3, 2020.

39. On or about June 10, 2020, Mr. Sorenson claimed a refund for the payment of those amounts on his Amended Form 1040 U.S. Individual Income Tax Return for 2015.

40. In a letter dated August 20, 2020, the IRS disallowed Mr. Sorenson's claim for refund as untimely.

41. Mr. Sorenson's claim for refund was in fact timely because Mr. Sorenson filed his Amended Form 1040 U.S. Individual Income Tax Return for 2015 within two (2) years after the date the tax was paid.

42. In addition to his refund, Mr. Sorenson is owed interest on his overpayment of $25,586.95.

43. On or about August 28, 2020, the IRS sent Mr. Sorenson a refund check for $40.95.

44. Mr. Sorenson returned that check to the IRS because its provenance was not clear.

45. The IRS has not otherwise refunded Mr. Sorenson for tax year 2015.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment as follows:

A. Declare that he is entitled to his claim of refund of $25,586.95.

B. Declare that he is entitled to overpayment interest on the amount to be refunded.

C. Award Plaintiff's costs, attorneys' fees, and such other further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on any and all issues so triable.

*/s/ Paul J. Esker*
PAUL J. ESKER (#AT0014874)
    Direct Dial: (319) 861-8779
    Email: pesker@bradleyriley.com
    of
BRADLEY & RILEY PC
2007 First Avenue SE
P.O. Box 2804
Cedar Rapids, IA 52406-2804
Phone: (319) 363-0101
Fax: (319) 363-9824
*Attorney for Plaintiff*